**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
D. GREG BLANKINSHIP (*pro hac vice* forthcoming)
JEAN M. SEDLAK (SBN 267659)
445 Hamilton Ave, Suite 605
White Plains, New York 10601
Telephone: (914) 298-3290
gblankinship@fbfglaw.com
jsedlak@fbfglaw.com

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
MARIO M. CHOI (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 772-4700
Facsimile: (415) 772- 4707
lking@kaplanfox.com
mchoi@kaplanfox.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONGKOL MAHAVONGTRAKUL, individually and on behalf of other similarly situated individuals,<br><br>    Plaintiff,<br>v.<br>INLAND PRODUCTS, INC.,<br><br>    Defendant. | Case No.  3:18-cv-07261<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

{00296872 }

Plaintiff Mongkol Mahavongtrakul ("Plaintiff"), on behalf of other similarly situated individuals, alleges the following against defendant Inland Products, Inc. ("Inland" or the "Company"), upon personal knowledge as to himself and his own acts and upon information and belief – based upon the investigation made by his attorneys – as to all other matters, as follows:

**INTRODUCTION**

1. In recent years consumers have become increasingly dependent on portable electronic devices like smart phones, tablets and laptop computers ("PED"). PEDs have made it convenient for consumers to constantly stay in communication with colleagues, friends, and loved ones, and to immediately access information. However, like any electronic device, PEDs require power and their internal batteries must be periodically recharged.

2. To address the needs of consumers to use PEDs during travel, or when the consumer otherwise lacks access to an electrical outlet, the portable charger industry emerged. A portable charger, often called a power bank ("Power Bank"), is a small, portable power source consumers can use to recharge their PEDs during travel. The greater the capacity of the Power Bank, as is expressed in milliampere-hours ("mAh"), the more times the Power Bank can be used to recharge PEDs before the Power Bank must be recharged itself. Thus, consumers prefer and are willing to pay a premium for Power Banks with higher mAh ratings.

3. Inland manufactures, markets, and distributes for sale nationwide to consumers a number of Power Banks under the ProHT label (the "Products"). Inland does so by prominently representing the Products' capacities as measured in mAh. Unfortunately for consumers, testing has shown the Products' actual capacity is substantially lower than what Inland represents.

4. By deceiving consumers about the Products' capacity as detailed herein, Inland is able to sell more of, and charge more for, the Products than it could if they were labeled accurately. Further, Inland is incentivized to mislead consumers to take market share away from competing products, thereby increasing its own sales and profits.

5. This is a proposed class action brought by Plaintiff, individually and on behalf of a class of similarly situated individuals, against Inland, seeking redress for the Company's unjust,

unfair, and deceptive practices in misrepresenting the capacity of the Products in violation of state law during the applicable statute of limitations period ("Class Period").

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over the parties in this case. Inland's principal place of business is located within California and Inland purposefully avails itself of the California consumer market and distributes the Products to thousands throughout California.

7. This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which the proposed plaintiff class is comprised of at least 100 members, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. The total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

8. Venue is proper in this District under 28 U.S.C. § 1391(a). Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the Products, occurred within this District.

## INTRADISTRICT ASSIGNMENT

9. Assignment to the San Francisco or Oakland Division is appropriate under Civil L.R. 3-2(c) and (d) because a substantial part of the events or omissions that give rise to the claim, including the dissemination of false and misleading information regarding the Products, occurred within the County of Contra Costa.

## PARTIES

10. Plaintiff Mongkol Mahavongtrakul is a resident of Martinez, California. Plaintiff purchased the Products at Fry's Electronics in Contra Costa County, California, most recently in November 2017.

11. In making his decision to purchase the Products, Plaintiff read and relied on Inland's representations regarding their capacity. Had Plaintiff known the truth, that the Products' mAh was really less than what Inland represented, he would not have purchased them or would not have been willing to pay as much as he paid for the Products.

12. Plaintiff frequently uses PEDs during travel and when he otherwise does not have access to an electrical outlet. Plaintiff would consider purchasing the Products again if he could trust that Inland's representations about their mAh ratings were correct going forward, such as if the Products were redesigned to make Inland's representations about them correct, and if the prices fairly reflected the actual mAh capacity of the batteries. He also has a strong interest in ensuring honesty in the marketplace for Power Banks.

13. Defendant Inland Products, Inc. is organized under the laws of the State of California with its principle place of business at 1410 E. Walnut Avenue, Fullerton, California 92831.

## **INLAND DECEPTIVELY MARKETS ITS POWER BANKS.**

14. Millions of Americans depend on PEDs to conduct their daily lives. PEDs have made it more convenient for consumers to constantly stay in communication with colleagues, friends, and loved ones, and to immediately access information.

15. To address the needs of consumers to power their PEDs during travel, or when they otherwise lack access to an electrical outlet, an industry for Power Banks has emerged. The sale of Power Banks now generates more than $15 billion in revenue each year.

16. The most important factor for consumers in choosing a Power Bank is its capacity, which is measured in milliampere-hours, or "mAh." The higher the mAh, the greater the number of times a Power Bank can be used to recharge PEDs before the Power Bank itself must be recharged. Consumers thus have a strong preference for, and pay more for, Power Banks with a higher mAh. Accordingly, for most Power Banks, the mAh rating is featured prominently in the product's advertising.

17. Inland manufactures, markets, and distributes for sale nationwide to consumers a number of Power Banks. Inland sells the Products directly from its website, through Amazon.com, and through other retailers. Everywhere the Products are sold, at the point of sale and on the Products' packaging, Inland prominently represents the Products' capacity as measured in mAh.

18. Unfortunately, testing has shown that Inland has substantially inflated the Products' mAh ratings. Plaintiff tested Inland's Power Banks (the same models the Plaintiff purchased) using a skilled and experienced testing company. The results are represented in the table below.

| Capacity Represented (in mAh) | Actual Capacity (in mAh) |
| --- | --- |
| 10400 | 5840 |
| 20800 | 14991 |

19. Upon information and belief, Inland knew, at the time it sold the Products, that the Products' true capacity was substantially less than what Inland had represented. Inland intentionally misrepresented the Products' capacity to induce the Plaintiff and other unsuspecting consumers to purchase and pay a premium for the Products.

20. Inland has profited enormously from its false and misleading representations about the Products. The purpose of this action is to put an end to Inland's deceptive marketing of the Products and to provide consumers with monetary and injunctive relief.

**CLASS ALLEGATIONS**

21. Pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and all other similarly situated individuals within the United States (the "Nationwide Class"), defined as follows:

> All consumers who purchased the Products within the United States. Excluded from the Class is anyone who received a refund, as well as any of Inland's officers, directors, or employees; officers, directors, or employees of any entity in which Inland currently has or has had a controlling interest; and Inland's legal representatives, heirs, successors, and assigns.

22.     Additionally, Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and similarly situated individuals within certain States (the "Multi-State Class"), defined as follows:

> All consumers who purchased the Products in California, Florida, Illinois, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio, and Washington.  Excluded from the Multi-State Class are any of Inland's officers, directors, or employees; officers, directors, or employees of any entity in which Inland currently has or has had a controlling interest; and Inland's legal representatives, heirs, successors, and assigns.

The Nationwide Class and Multi-State Class are referred to collectively as the "Classes."

23.     There are questions of law or fact common to the Classes that predominate over any questions affecting only individual members, including:

(a)     whether Inland misrepresented the Products' mAh ratings;

(b)     whether Inland's conduct was unfair and/or deceptive;

(c)     whether Inland has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Inland to retain the benefits conferred upon it by Plaintiff and the Classes;

(d)     whether Inland's conduct constitutes a breach of express warranty;

(e)     whether Inland violated state consumer protection laws;

(f)     whether Plaintiff and the Classes have sustained damages and, if so, the proper measure thereof;

(g)     whether Plaintiff and the Classes are entitled to restitution, and if so, the proper measure thereof; and

(h)     whether Inland should be enjoined from continuing to sell the Products as currently labeled;

24.     Plaintiff's claims are typical of those of the members of the Classes, because Plaintiff, like all members of the Classes, purchased, in a typical consumer setting, Inland's

Products bearing the claim that their capacity is greater than it really is, and Plaintiff sustained damages from Inland's wrongful conduct.

25. Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the Classes.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27. No member of the Classes has a substantial interest in individually controlling the prosecution of a separate action. The damages for each individual member of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Inland's conduct. Thus, it would be virtually impossible for them individually to effectively redress the wrongs done to them.

28. The prerequisites to maintaining a class action for injunctive or equitable relief are met as Inland has acted or refused to act on grounds generally applicable to the Classes thereby making appropriate final injunctive or equitable relief with respect to the Classes.

29. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Inland. For example, one court might enjoin Inland from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of members of the Classes who are not parties to such actions.

30. Inland's conduct is generally applicable to the Classes as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Classes as a whole. As such, Inland's systematic policies and practices make declaratory relief with respect to the Classes as a whole appropriate.

## CAUSES OF ACTION

### COUNT I

**(Unfair and Deceptive Acts and Practices in
Violation of the Consumers Legal Remedies Act,
on Behalf of the Nationwide Class)**

31. Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

32. This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

33. The Plaintiff and the other members of the Nationwide Class are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Products for personal, family, or household purposes.

34. The Plaintiff, the other members of the Nationwide Class, and Inland have engaged in "transactions," as that term is defined by California Civil Code §1761(e).

35. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Inland in transactions intended to result in, and which did result in, the sale of goods to consumers.

36. As alleged more fully above, Inland has violated the CLRA by falsely representing to the Plaintiff and the other members of the Nationwide Class that the Products' capacity is greater than it actually is.

37. As a result of engaging in such conduct, Inland has violated California Civil Code §§ 1770(a)(5), 1770(a)(7), and 1770(a)(9).

38. Pursuant to California Civil Code § 1780(a)(2) and (a)(5), the Plaintiff seeks an order of this Court that includes, but is not limited to, an order requiring Inland to remove and/or refrain from making representations that the Products' capacity is greater than it actually is.

39. The Plaintiff and the Nationwide Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

40.     The unfair and deceptive acts and practices of Inland, as described above, present a serious threat to Plaintiff and the Nationwide Class.

41.     CLRA § 1782 NOTICE.  On November 9, 2018, Plaintiff sent a CLRA demand letter to Inland via certified mail, return receipt requested ("Demand Letter").  In the Demand Letter Plaintiff provided notice of Inland's violation of the CLRA and demanded that within thirty (30) days from that date, Inland correct, repair, replace, or otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of herein.  The letter also stated that if Inland refused to do so, a complaint seeking damages in accordance with the CLRA would be filed.  Plaintiff, on behalf of himself and all other members of the Nationwide Class, seeks an award of equitable relief and attorneys' fees.

42.     If Inland does not fully meet the demand set forth in the Demand Letter, Plaintiff will amend or seek leave to amend this Complaint in order to seek the following relief under California Civil Code § 1780 for Inland's violations of California Civil Code §§ 1770(a)(5), 1770(a)(7), and 1770(a)(9):

- actual damages under California Civil Code § 1780(a)(1);
- punitive damages under California Civil Code § 1780(a)(4);
- attorneys' fees and costs under California Civil Code § 1780(d); and
- any other relief the Court deems proper under California Civil Code § 1780(a)(5).

**COUNT II**
**(Violations of California's False Advertising Law, on Behalf of the Nationwide Class)**

43.     Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

44.     As alleged more fully above, Inland has falsely advertised the Products by falsely claiming that the Products' capacity is greater than it really is.

45.     At all material times, Inland engaged in a scheme of offering and advertising the Products for sale within the State of California to the public by, *inter alia*, commercial marketing

1  and advertising, the World Wide Web (Internet), the Products' packaging and labeling, and other
2  promotional materials and also offered for sale and advertised the Products on a nationwide basis,
3  including in California.

4      46.    The misrepresentations and non-disclosures by Inland of the material facts detailed
5  above constitute false and misleading advertising, and therefore constitute a violation of the False
6  Advertising Law ("FAL") Cal. Bus. & Prof. Code § 17500, *et seq.*

7      47.    Said advertisements and inducements were made within and from the State of
8  California and come within the definition of advertising contained in the FAL in that such
9  promotional materials were intended as inducements to purchase the Products and are statements
10 disseminated by Inland to Plaintiff and the other Nationwide Class members that were intended to
11 reach Plaintiff and the other Nationwide Class members.  Inland knew, or in the exercise of
12 reasonable care should have known, that these representations were misleading and deceptive.

13     48.    The above acts of Inland did and were likely to deceive reasonable consumers,
14 including Plaintiff and the other members of the Nationwide Class, by misrepresenting the capacity
15 of the Products, in violation of the "false" and "misleading" prongs of the FAL.

16     49.    Plaintiff and the other members of the Nationwide Class have suffered injury in
17 fact and have lost money or property as a result of Inland's violations of Cal. Bus. & Prof. Code §
18 17500 *et seq.*

19     50.    Pursuant to California Business and Professions Code §§ 17203 and 17535,
20 Plaintiff and the other members of the Nationwide Class seek an order of this Court that includes,
21 but is not limited to, an order requiring Inland to remove and/or refrain from making
22 representations on the Products' packaging and in its advertising that the Products' capacity is
23 greater than it really is.

# COUNT III
### (Violation of California's Unfair Competition Law, on Behalf of the Nationwide Class)

51. Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

52. By committing the acts and practices alleged herein, Inland has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the Nationwide Class as a whole, by engaging in unlawful, fraudulent, and unfair conduct.

53. Inland has violated the UCL's proscription against engaging in *unlawful* conduct as a result of:

   (a) its violations of the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(9), as alleged above; and

   (b) its violations of the FAL, Cal. Bus. & Prof. Code § 17500 *et seq.*, as alleged above

54. Inland's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

55. As more fully described above, Inland's false and misleading marketing, advertising, packaging, and labeling of the Products is likely to deceive reasonable consumers. Indeed, Plaintiff and the members of the Nationwide Class were unquestionably deceived regarding the capacity of the Products, as Inland's marketing, advertising, packaging, and labeling of the Products misrepresent and/or omit the true facts concerning the benefits of the Products. Said acts are fraudulent business practices.

56. Inland's acts and practices described above also violate the UCL's proscription against engaging in *unfair* conduct.

57. Plaintiff and the Nationwide Class suffered a substantial injury by virtue of buying the Products that they would not have purchased absent Inland's unlawful, fraudulent, and unfair marketing, advertising, packaging, and labeling or by virtue of paying an excessive premium price

for the unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled Products.

58. There is no benefit to consumers or competition from the deceptive marketing and labeling of the Products, which Inland misrepresents as having a greater capacity than they actually do.

59. Plaintiff and the Nationwide Class had no way of reasonably knowing that the Products they purchased were not as marketed, advertised, packaged, or labeled. Thus, they could not have reasonably avoided the injury each of them suffered.

60. The gravity of the consequences of Inland's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives that exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the other members of the Nationwide Class.

61. Inland's violations of the UCL continue to this day.

62. Pursuant to California Business and Professions Code § 17203, Plaintiff and the Nationwide Class seek an order of this Court that includes, but is not limited to, an order requiring Inland to:

(a) remove and/or refrain from making representations that the Products' capacity is greater than it really is;

(b) provide restitution to Plaintiff and the Nationwide Class;

(c) disgorge all revenues obtained as a result of violations of the UCL; and

(d) pay Plaintiff's and the Nationwide Class' attorneys' fees and costs.

## COUNT IV
**(Violation of Materially Identical State Consumer Protection Statutes, on Behalf of the Multi-State Class)**

63. Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

1          64.     Inland is engaged in "trade" and "commerce" as it distributes the Products to retail
2   stores for sale to consumers within this and each of the states listed below.
3          65.     Inland's representations regarding the capacity of the Products were material to a
4   reasonable consumer and likely to affect consumer decisions and conduct.
5          66.     Inland has used and employed unfair methods of competition and unfair or
6   deceptive acts or practices in the conduct of trade or commerce.
7          67.     Inland's acts and practices are immoral, unethical, oppressive and unscrupulous.
8          68.     Inland's conduct is substantially injurious to consumers.  Such conduct has, and
9   continues to cause, substantial injury to consumers because consumers would not have paid such
10  a high price for the Products but for Inland's false promotion of the Products' electrical storage
11  capacity.  Consumers have thus overpaid for the Products and such injury is not outweighed by
12  any countervailing benefits to consumers or competition.
13         69.     No benefit to consumers or competition results from Inland's conduct.  Since
14  reasonable consumers are deceived by Inland's representations of the Products and they were
15  injured as a result, consumers could not have reasonably avoided such injury.
16         70.     The foregoing unfair and deceptive practices directly, foreseeably and proximately
17  caused Plaintiff and the Multi-State Class to suffer an ascertainable loss when they paid a premium
18  for the Products.
19         71.     The practices discussed above all constitute unfair competition or unfair,
20  unconscionable, deceptive, or unlawful acts or business practices in violation of at least the
21  following state consumer protection statutes:[1]
22              (a) **California Consumer Legal Remedies Act,** Cal. Civ. Code § 1750, *et seq*.,
23              (b) **California Unfair Competition Law,** Cal. Bus. & Prof. Code § 17200, *et seq*.;

---

[1] There is no material conflict between these state statutes because these state statutes (1) do not require reliance by unnamed class members; (2) do not require scienter; and (3) allow class actions.

(c) **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

(d) **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp. Stat. § 505/1, *et seq.*;

(e) **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1 *et seq.*;

(f) **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901 *et seq.*;

(g) **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

(h) **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349, *et seq.*;

(i) **North Carolina Unfair and Deceptive Trade Practices Act,** N.C. Gen. Stat. § 75-1.1(a).

(j) **Ohio's Consumers Sales Practice Act,** Ohio Revised Code § 1345, *et seq*.

(k) **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

72. The foregoing unfair and deceptive practices directly, foreseeably and proximately caused Plaintiff and the members of the Multi-State Class to suffer an ascertainable loss when they paid a premium for the Products over comparable products.

73. Plaintiff and the Multi-State Class are entitled to recover damages and other appropriate relief, as alleged below.[2]

## COUNT V
### (Breach of Express Warranty on Behalf of the Classes)

74. Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

---

[2] As is alleged in Count I, at this time Plaintiff only seeks equitable relief and attorneys' fees for Inland's alleged CLRA violations.

75. Inland's representations regarding the Products' capacity constitutes affirmations of fact.

76. Inland's representations that the Products' capacity is greater than it really is relates to the goods and became part of the basis of the bargain between Inland and purchasers of the Products.

77. Plaintiff and the members of the Classes purchased the Products, believing that they conformed to the express warranties.

78. As set forth in the paragraphs above, Inland's statements concerning the Products are false.

79. All conditions precedent to Inland's liability under the above-referenced contract have been performed by Plaintiff and the other members of the Classes.

80. Inland breached its express warranties about the Products because, as alleged above, the Products' capacity was lower than Inland represented. Inland therefore breached the applicable state statutes and common law.

81. As a result of Inland's breaches of express warranty, Plaintiff and the other members of the Classes were damaged in the amount of the purchase price they paid for the Products, or in the amount they paid based upon the misrepresentations, in amounts to be proven at trial.

82. On November 9, 2018, within a reasonable time after he knew or should have known of such breach, Plaintiff, on behalf of himself and the other members of the Classes, placed Inland on notice thereof.

83. As a proximate result of the breach of warranties by Inland, Plaintiff and the other members of the Classes did not receive goods as warranted. Among other things, Plaintiff and the other members of the Classes did not receive the benefit of the bargain and have suffered other injuries as detailed above. Moreover, had Plaintiff and the members of the Classes known the true facts, they either would not have purchased the Products, or would not have been willing to pay the price Inland charged for the Products.

84. Wherefore Plaintiff, on behalf of the Classes, prays for relief as set forth herein.

## COUNT VI
### (Unjust Enrichment on Behalf of the Classes)

85. Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

86. Plaintiff and the members of the Classes conferred benefits on Inland by purchasing the Products and paying a greater price for them than they would have if Inland had truthfully represented the Products' capacity.

87. Inland has knowledge of such benefits.

88. Inland's representations that the capacity of the Products is greater than it actually is constitutes an affirmation of fact that is part of the basis of the bargain between Inland and purchasers of the Products.

89. Inland made the above-referenced representations in order to induce Plaintiff and the members of the Classes to purchase, purchase more of, or to pay more for the Products than they otherwise would have, and Plaintiff and the members of the Classes relied on the representations in purchasing the Products.

90. As a result of Inland's deceptive, fraudulent and misleading labeling, advertising, and marketing of the Products, Plaintiff and other members of the Classes were induced to pay the purchase price and pay more for the Products than they otherwise would have.

91. Plaintiff and the members of the Classes were unjustly deprived of payments because they would not have purchased, or would have purchased less of, or would have paid less for the Products if true facts had been known.

92. Inland was enriched at the expense of Plaintiff and the other members of the Classes, thereby creating a quasi-contractual obligation on Inland to restore those ill-gotten gains to Plaintiff and the members of the Classes.

93. Under the circumstances, it would be against equity and good conscience to permit

1 Inland to retain the ill-gotten benefits that it received from Plaintiff and the other members of the
2 Classes, in light of the fact that the Products they purchased were not what Inland purported them
3 to be.  Thus, it would be unjust or inequitable for Inland to retain the benefit without restitution to
4 Plaintiff and the other members of the Classes for the monies paid to Inland for the Products.

      94.     As a direct and proximate result of Inland's unjust enrichment, Plaintiff and the members of the Classes are entitled to restitution or restitutionary disgorgement, in an amount to be proven at trial.

      95.     Wherefore Plaintiff, on behalf of the Classes, prays for relief as set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Classes, respectfully requests that the Court enter judgment against Inland as follows:

    A.     Certifying this action as a class action, with Classes as defined above;

    B.     Requiring that Inland pay for notifying the members of the Classes of the pendency of this suit;

    C.     Awarding Plaintiff and the Classes injunctive relief;

    D.     Awarding Plaintiff and the Classes monetary damages in an amount to be determined at trial, together with prejudgment interest;

    E.     Awarding Plaintiff and the Classes statutory damages in the maximum amount provided by law;

    F.     Awarding Plaintiff and the Classes restitution of Inland's ill-gotten gains;

    G.     Awarding Plaintiff and the other members of the Classes the reasonable costs and expenses of suit, including their attorneys' fees; and

    H.     For any further relief that the Court may deem appropriate.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury for all claims so triable.

Respectfully submitted,

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

DATED: November 30, 2018           By:  /s/ *D. Greg Blankinship*
                                              D. Greg Blankinship

D. Greg Blankinship (*pro hac vice* forthcoming)
Jean Sedlak (SBN 267659)
445 Hamilton Ave, Suite 605
White Plains, New York 10601
Telephone: (914) 298-3290
gblankinship@fbfglaw.com
jsedlak@fbfglaw.com

**KAPLAN FOX & KILSHEIMER LLP**

DATED: November 30, 2018           By:  /s/ *Laurence D. King*
                                              Laurence D. King

Laurence D. King
Mario M. Choi
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:   415-772-4707
lking@kaplanfox.com
mchoi@kaplanfox.com

*Counsel for Plaintiff*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Laurence D. King, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of November, 2018, at San Francisco, California.

                                              *s/ Laurence D. King*
                                              LAURENCE D. KING